IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SEATON CORP. d/b/a STAFF MANAGEMENT, | * * * | |
| Plaintiff, | * * | |
| vs. | * | No. 4:06cv001607 SWW |
| | * * * | |
| BRANDY L. BRYANT a/k/a BRANDY GOODLOW BRYANT; CALEB T. BRYANT; DENISE D. WHITE a/k/a DENISE D. MILLER; MELISSA C. MILLER; DELISA L. GOODLOW; PAMALA T. YOUNG a/k/a PAMALA GOODLOW YOUNG; and TAMMY L. GARDNER, | * * * * * * * * * | |
| Defendants. | * | |

ORDER

Plaintiff Seaton Corp. d/b/a Staff Management ("Staff Management"), a temporary staffing company, alleges two of its employees have been issuing payroll checks to "ghost employees," that is, persons who did not work for the company for a time period for which a payroll check was issued, and that this action thus involves employee fraud, conspiracy, breaches of fiduciary duty, and embezzlement suffered by Staff Management. In its complaint, Staff Management sought by way of interim relief a preliminary and permanent injunction which, among other things, restrains and enjoins defendants from selling, disposing, mortgaging, conveying or otherwise transferring any and all assets they own, or in which they have any interest, save and except those that are for reasonable living expenses.

On November 15, 2006, the late Judge Howard, to whom this action was previously

assigned, conducted a telephone conference on Staff Management's request for a temporary restraining order and preliminary injunction [doc.#6] and defendants at that time agreed to, among other things, maintain the status quo and not sell, dispose, mortgage, convey or transfer any assets they own, or in which they have an interest, except for ordinary and customary living expenses.  Judge Howard stated that, pursuant to Fed.R.Civ.P. 65(a)(2), the Court would merge the request for a preliminary injunction with a trial on the merits.  *See* Order dated Nov. 15, 2007 [doc.#8].  Subsequently, Staff Management filed an amended complaint, which incorporates a request for a preliminary injunction seeking the same relief referenced above.  The Clerk's Office has re-docketed this request as a motion and assigned it docket entry No. 6, the same motion Judge Howard previously addressed.  Like Judge Howard, this Court will, pursuant to Fed.R.Civ.P. 65(a)(2), merge the request for a preliminary injunction with a trial on the merits.  Accordingly, the Clerk of Court is directed to remove the motion for preliminary injunction [doc.#6] from the pending motions report.

        IT IS SO ORDERED this 30th day of May 2007.

                /s/Susan Webber Wright

                UNITED STATES DISTRICT JUDGE